IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD W. HOFFMAN, | ) | Case No.  02-60258 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DAN NELSON, Chapter 7 Trustee, | ) | Adversary No.  03-6103 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD W. HOFFMAN, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COMERICA BANK, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

The Chapter 7 trustee filed an Amended Complaint seeking a declaratory judgment, an injunction, turnover, and an accounting. Comerica Bank filed a motion for summary judgment as to all Counts and the trustee filed a motion for partial summary judgment. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I grant

Comerica's motion for summary judgment and I deny the trustee's motion for partial summary judgment.

## FACTUAL BACKGROUND

On February 5, 2002, debtor Richard Hoffman filed a Chapter 13 bankruptcy petition. On August 21, 2002, the Court granted Hoffman's motion to convert the case to one under Chapter 7 of the Bankruptcy Code (the Code). At the time of the conversion, Hoffman filed conversion schedules in which he disclosed an interest in the Anna Dodge Dillman Trust (the Dodge Trust). Comerica Bank (Comerica) is the Trustee for the Dodge Trust. Hoffman, as a great grandchild of Anna Dodge Dillman, is a beneficiary of the Dodge Trust and receives quarterly distributions.

On April 1, 1932, Anna Dodge Dillman created a trust with an absolute and irrevocable gift of $6 million for the benefit of certain beneficiaries. There is no dispute that the Dodge Trust is a spendthrift trust. By its terms, no distribution of principal can be made until 21 years after the death of the last surviving grandchild of Anna Dodge Dillman, which grandchild was living at the time of the creation of the Dodge Trust. Two grandchildren who were born before 1932 are still living, therefore, no distribution of principal is possible for a minimum of 21 years. As such, the trustee seeks the income distributions received by Hoffman within 180 days of conversion, or, those distributions received between August 21, 2002, and February 20, 2003, in the amount of $19,524.76. He also seeks an Order from this Court enjoining Comerica from making further distributions to Hoffman until Comerica

turns over to the trustee distributions from the Dodge Trust equal to the sum of $19,524.76, which Comerica distributed to Hoffman between August 21, 2002, and February 20, 2003. The trustee maintains that Comerica should not have distributed funds to Hoffman within 180 days of conversion and that any attempt to recover said funds from Hoffman would be futile.

## DISCUSSION

Rule 7056 of the Federal Rules of Bankruptcy Procedure provides that Rule 56 of the Federal Rules of Civil Procedure applies when a party moves for summary judgment in an adversary proceeding in this Court. Rule 56 states that the "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]

The bankruptcy trustee concedes that the Dodge Trust is a spendthrift trust. Thus, the only basis for the trustee's claim is the fact that Hoffman received two distributions from the Dodge Trust within 180 days of conversion of the case to Chapter 7. Section 541(a)(5) of the Code provides that funds received by bequest within 180 days of filing a case are property of the estate:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property,

---

[1] Celotex v. Catrett, 477 U.S. 317, 322-26 (1986); Tudor Oaks Limited Partnership v. Cochrane, 124 F.3d 978, 981 (8th Cir. 1997), *cert. denied*, 522 U.S. 1112.

> wherever located and by whomever held:
>
> . . .
>
>> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date–
>>
>> (A) by bequest, devise, or inheritance.[2]

Hoffman commenced this case as a Chapter 13 on February 5, 2002. He disclosed the trust, and the income therefrom, on his Chapter 13 bankruptcy schedules. He made payments to the Chapter 13 trustee from his disposable income, including the distributions from the Dodge Trust. This Court entered an Order converting this case to Chapter 7 on August 21, 2002. More than 180 days elapsed between the commencement of the case on February 5, 2002, and the conversion of the case on August 21, 2002. By the plain language of section 541(a)(5)(A), only distributions made between February 5, 2002, and August 5, 2002, are property of the estate. And Hoffman properly accounted for those distributions in his disposable income calculation during the pendency of the Chapter 13 case. Moreover, section 348 of the Code provides that the conversion of a case from one chapter to another does not affect the date of the filing of the petition:

> (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of

---

[2] 11 U.S.C. § 541(a)(5)(A).

the petition, the commencement of the case, or the order for relief.[3]

I, therefore, find that no genuine issue of material fact remains, and that Comerica and Hoffman are entitled to judgment in their favor as a matter of law. The trustee has no claim to any funds distributed within 180 days of the commencement of the case. There is no provision in the Code that allows the trustee to seek funds that became property of the estate within 180 days of conversion. As such, there is no basis for the declaratory judgment, and no basis for an order of turnover.

I, therefore, will deny the trustee's motion for partial summary judgment, and I will grant Comerica's motion for summary judgment. An Order in accordance with this Memorandum Opinion will be entered this date.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: July 1, 2004

A copy of the foregoing mailed electronically or conventionally to:

Brian M. Holland
Gregory R. Gibson
Arthur A. Chaykin
James E. Bird
Matthew E. Wilkins

---

[3] 11 U.S.C. § 348(a).

Paula Alison Osborne